UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608

Hon. Michael B. Kaplan                                                                       609-989-0478
United States Bankruptcy Judge                                                     609-989-2259 Fax

August 29, 2012

Mitchell Malzberg, Esq.
Mitnick & Malzberg, P.C.
P.O. Box 429
Frenchtown, NJ 08825
Attorney for Plaintiff Peggy E. Stalford, Chapter 7 Trustee

John F. Bracaglia, Jr., Esq.
Cohn, Bracaglia & Gropper, P.C.
275 E. Main Street
P.O. Box 1094
Somerville, NJ 08876
Attorney for Defendants Susan L. Haberl and HTC Construction Contractors

                Re:  In re Stephen F. Haberl (Chapter 7) (MBK)
                   Case No. 09-23644

                   Stalford v. Haberl, *et. al.*
                   Adv. Pro. No. 11-01826

Counselors:

      This matter is before the Court upon the motion ("Motion") for summary judgment of Peggy E. Stalford, Chapter 7 Trustee ("Trustee"), on her adversary complaint ("Complaint") against Defendants Susan L. Haberl, HTC Construction Contractors, and Dominick Vecchione.[1] The Complaint seeks to recover certain transfers pursuant to New Jersey state statutory law, as

---

[1] On July 11, 2012, the Trustee filed a Notice of Settlement with respect to her claim against Mr. Vecchione.  See Adv. Pro. Docket No. 23.  Additionally, a default was entered against a fourth Defendant, Cooper Homes Systems, on October 8, 2011.  See Adv. Pro. Docket No. 11.

well as federal bankruptcy law. The Court has reviewed the pleadings submitted and entertained oral argument on June 25, 2012. The Court issues the following ruling:

### I. Jurisdiction

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(b) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (H). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### II. Background

On May 28, 2009, Stephen F. Haberl ("Debtor") filed a voluntary Chapter 7 bankruptcy petition. On May 29, 2009, Peggy E. Stalford was appointed as Chapter 7 Trustee. On May 23, 2011, the Trustee filed her Complaint seeking to recover certain transfers pursuant to state and federal law. On May 24, 2012, the Trustee filed the within Motion, arguing that summary judgment should be granted in her favor.

In sum, the Trustee alleges that, on February 4, 2008, the Debtor transferred to his wife, Susan L. Haberl ("Defendant Haberl"), his interest in real property located at 202 Curtis Court, Greenwich, New Jersey ("Property"). The Trustee contends that such transfer was made with the intent to hinder, delay and/or defraud the Debtor's creditors and without consideration. The Trustee further alleges that Defendant Haberl subsequently refinanced the Property and used the proceeds to pay certain obligations owed by the Debtor and/or Defendant

2

Haberl, including obligations owed to Defendant HTC Construction Contractors.[2]  For the reasons that follow, the Court will grant partial summary judgment in favor of the Trustee on the issue of liability only.

### III.    Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, the discovery, and disclosure materials on file, and any affidavits show there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).[3]  As the Supreme Court has indicated, "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (citing Fed. R. Civ. P. 1).  In deciding a motion for summary judgment, the judge's function is to determine if there is a genuine issue for trial.  Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 637 (3d Cir. 1993).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact.  Huang v. BP Amoco Corp., 271 F.3d 560, 564 (3d Cir. 2001) (citing Celotex Corp., 477 U.S. at 323).  In determining whether a factual dispute warranting trial

---

[2] As set forth on the record during the June 25, 2012 hearing on the Motion, HTC Construction Contractors is an entity in which Defendant Haberl holds no interest.

[3] Federal Rule of Civil Procedure 56 was amended as of December 1, 2010.  As noted by the court in Guiliano v. Coy (In re Coy):

> Subdivision (a) now contains the summary judgment standard previously stated in subdivision (c). Fed. R. Civ. P. 56 Advisory Committee's Note to 2010 Amendments ("Subdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word—genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination.").

2011 Bankr. LEXIS 3196, *6-7 (Bankr. D. Del. Aug. 22, 2011).

3

exists, the court must view the record evidence and the summary judgment submissions in the light most favorable to the non-movant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Issues of material fact are those "that might affect the outcome of the suit under the governing law." Id. at 248. An issue is genuine when it is "triable," that is, when reasonable minds could disagree on the result. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citations omitted). If the moving party will bear the burden of persuasion at trial, the party must support its motion with credible evidence - using any of the materials specified in Rule 56(c) - that would entitle it to a directed verdict if not controverted at trial. Celotex Corp., 477 U.S. at 331. Such an affirmative showing shifts the "burden of production" to the party opposing the motion and requires the party to either demonstrate the existence of a "genuine issue" for trial or to request additional time for discovery under Fed. R. Civ. P. 56(f). Fed. R. Civ. P. 56(e).

Once the moving party establishes the absence of a genuine dispute of material fact, however, the burden shifts to the non-moving party to "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586. A party may not defeat a motion for summary judgment unless it sets forth specific facts, in a form that "would be admissible in evidence," establishing the existence of a genuine dispute of material fact for trial. Fed. R. Civ. P. 56(e) (providing that in response to a summary judgment motion the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial"). See also Fireman's Ins. Co. of

Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982); Olympic Junior, Inc. v. David Crystal, Inc., 463 F.2d 1141, 1146 (3d Cir. 1972). If the nonmoving party's evidence is a mere scintilla or is not "significantly probative," the court may grant summary judgment. Liberty Lobby, Inc., 477 U.S. at 249-50. The non-movant will prevail only if the evidence produced is of "sufficient quantum and quality" to allow a rational and fair-minded fact finder to return a verdict in his favor, bearing in mind the applicable standard of proof that would apply at trial on the merits. Id. at 249.

### IV. Legal Analysis

The Trustee's Complaint is based on both state and federal fraudulent transfer law. N.J. Stat. § 25:2-25(a)[4] states, in relevant part, as follows:

> Transfers fraudulent as to present and future creditors.
>
> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> (a) With actual intent to hinder, delay, or defraud any creditor of the debtor…

N.J. Stat. § 25:2-25(a).[5] Similarly, 11 U.S.C. § 548(a)(1)(A) states, in relevant part, as follows:

> Fraudulent transfers and obligations.
>
> (a) (1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of

---

[4] The Trustee's power to avoid fraudulent transfers under N.J. Stat. § 25:2-25(a) stems from 11 U.S.C. § 544.

[5] N.J. Stat. § 25:2-31 states that "[a] cause of action with respect to a fraudulent transfer or obligation under this article is extinguished unless action is brought: a. Under subsection a. of R.S. 25:2-25, **within four years** after the transfer was made or the obligation was incurred **or, if later, within one year** after the transfer or obligation was discovered by the claimant…." (emphasis added).

5

>an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
>(A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted…

See 11 U.S.C. § 548(a)(1)(A).

Additionally, "[b]ecause of the difficulty in proving actual fraudulent intent, the court can infer the necessary intent from the circumstances of the case, particularly the presence or absence of 'badges of fraud.'" Zazzali v. 1031 Exchange Group LLC (In re DBSI, Inc.), 2012 Bankr. LEXIS 3527, *7 (Bankr. D. Del. Aug. 1, 2012) (citations omitted). "The traditional badges of fraud include (but are not limited to): '(1) the relationship between the debtor and the transferee; (2) consideration for the conveyance; (3) insolvency or indebtedness of the debtors; (4) how much of the debtor's estate was transferred; (5) reservation of benefits, control or dominion by the debtor over the property transferred; and (6) secrecy or concealment of the transaction.'" Id. at *7-8. "No single badge of fraud is dispositive, and the court may consider other factors." Id. at *8.

Although the Court may look to the above-referenced traditional "badges of fraud" in considering whether Debtor's transfer of the Property to Defendant Haberl was a fraudulent transfer, the Court need look no further than Defendant Haberl's own certification submitted in opposition to the Motion. Indeed, Defendant Haberl states in her certification that

6

"[i]n an effort to protect our home, we decided I would purchase [Debtor's] interest from him."[6] See Adv. Pro. Docket No. 20, Attachment 1, ¶5. The Court can only interpret Defendant Haberl's statement to mean that the transfer of the Property was structured to protect the Debtor's interest in such asset from the Debtor's creditors. Any other interpretation would be misplaced.

Moreover, Defendant Haberl's statement in her certification is a binding judicial admission. "A 'judicial admission' is an admission made by a party in pleadings, stipulations and the like." Jordan v. Greentree Consumer Disc. Co. (In re Jordan), 403 B.R. 339, 351-352 (Bankr. W.D. Pa. 2009). "An unequivocal judicial admission is binding on the party who made it for the purposes of the case in which it is made." Id. Indeed, "[t]he Third Circuit has long recognized that deemed admissions 'are sufficient to support orders of summary judgment.'" Real Estate Corp. v. Carroll (In re Prosser), 2012 U.S. Dist. LEXIS 93633 (D.V.I. July 6, 2012), citing Kelvin Cryosystems Inc. v. Lightning, 252 Fed. Appx. 469, 472 (3d Cir. 2007) (citations omitted).

In light of the foregoing, the Court finds that the transfer of Debtor's interest in the Property to Defendant Haberl was in fact a fraudulent transfer and made with actual intent to hinder, delay, or defraud the Debtor's creditors. Notwithstanding the Court's findings on liability, the Court recognizes that Defendant Haberl used a portion, if not all, of the proceeds from the refinance of the Property to pay certain of the Debtor's and/or Defendant Haberl's debts. However, the Court is not privy to which creditors were paid, how much those creditors

---

[6] Such purchase was made for consideration of $0 pursuant to the deed evidencing the transfer. See Adv. Pro. No. 18, Exhibit A to Trustee's Motion. This amount stands in stark contrast to the value asserted by Defendant Haberl of $453,166. See Adv. Pro. Docket No. 20, Attachment 1, ¶7.

were paid, and which creditors remain unpaid.[7] Additionally, an issue of fact continues to exist with respect to the value of the Property, which is an important factor in determining the value of what was actually transferred to Defendant Haberl and the resulting damages.[8] Accordingly, the Court cannot at this juncture and on this record make a ruling as to the amount of funds that should be returned to the Debtor's estate as a result of the fraudulent transfer.

### V. Conclusion

For the reasons set forth above, the Trustee's Motion is **GRANTED IN PART** as to fraudulent transfer liability pursuant to 11 U.S.C. § 548(a)(1)(A) and N.J. Stat. § 25:2-25(a).[9] The Trustee is directed to submit an order consistent with the Court's ruling.

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Dated: August 29, 2012

---

[7] The Court is in receipt of Defendant Haberl's August 12, 2012 supplemental submission which further identifies payments made to certain creditors. The Court will address the issue of offsets at trial.

[8] As stated above, Defendant Haberl asserts that the value of the Property at the time of the transfer was $453,166. The Trustee, however, asserts that the value of the Property at the time of the transfer was in the neighborhood of $530,000. See Docket No. 21, Trustee's Response, ¶5.

[9] While the Trustee's fraudulent transfer claim might also be sustained under N.J. Stat. § 25:2-25(b) based on "constructive fraud," the Court need not undertake an analysis under N.J. Stat. § 25:2-25(b) due to its findings of "actual fraud" under N.J. Stat. § 25:2-25(a).